UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RICHTER,<br><br>    Plaintiff,<br><br>    v.<br><br>LISA AUSMUS, et al.,<br><br>    Defendants. | Case No. 19-cv-08300-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

Plaintiff Julia Richter, an officer with the Oakland Police Department ("OPD"), brings this action pro se against OPD employees Lisa Ausmus, Todd Mork, Sekou Millington, Anne Kirkpatrick, Damon Gilbert, and Bryan Hubbard. She alleges multiple causes of action pursuant to 42 U.S.C. § 1983 stemming from defendants' alleged failure to properly train defensive tactics, which caused her injury, and defendants' wrongful investigations in retaliation for her pursuit of disability benefits and her testimony in federal court. She also brings causes of action pursuant to 42 U.S.C. §§ 1985 and 1986 and California law.

There are a number of problems with Richter's Amended Complaint. This Order identifies in what ways Richter has failed to state any cause of action and allows her the opportunity to amend and address the deficiencies. I encourage her to consult with the Legal Help Center in our courthouse (15th Floor, Room 2796, phone number 415-782-8982) if she has been unable to find an attorney to take her case. For the reasons stated below, defendants' motion to dismiss is GRANTED. Richter's first, second, fourth, sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, nineteenth, and twentieth causes of action are dismissed WITHOUT PREJUDICE, and her remaining claims are dismissed WITH PREJUDICE.

**BACKGROUND**

Richter has been employed by OPD since 2013. Amended Complaint ("Compl.") ¶ 14. Her claims relate to two categories of alleged wrongdoing by OPD: a physical injury that she suffered as a result of improper defensive training tactics, and an investigation instituted by defendants to wrongfully terminate her and deprive her of disability retirement benefits. It is not clear from the Amended Complaint the extent to which these wrongs are related.[1]

In March 2015, Richter became a defensive tactics instructor under the supervision of defendant Gilbert, the Lead Defensive Instructor. *Id.* ¶¶ 14, 7. She alleges that Gilbert failed to adequately train OPD instructors in defensive tactics, used unapproved defensive tactic techniques, and caused a number of injuries with his defensive tactics trainings, ultimately injuring her. *Id.* ¶¶ 15-24. Gilbert, as well as defendants Hubbard, Millington, and Kilpatrick, deliberately disregarded requirements for such trainings that were set by the California Commission on Peace Officers Standards and Training ("POST") and the California Code of Regulations. *Id.* ¶¶ 16-17.

On February 14, 2018, Richter sustained a serious work injury while she was role-playing as a "passive resister" during a defensive training tactics examination. *Id.* ¶ 21. Allen Nunley, who is not a defendant in this action, lifted her up and "smashed her against the ground." *Id.* ¶ 22. Richter alleges that this was not a reasonable use of force but that Gilbert encouraged it by failing to restrain or discipline Nunley, instead giving him a passing score. *Id.* ¶¶ 23-24. She cites multiple other instances where officers were injured during Gilbert's trainings, often while using unauthorized techniques. *Id.* ¶ 25-30. She claims that Gilbert encouraged, rather than restrained, other officers' uses of excessive force. *Id.* She states that the remaining defendants were deliberately indifferent to Gilbert's activities and that Hubbard often personally attended defensive tactics training sessions. *Id.* ¶¶ 17, 31-33.

On May 21, 2018, Richter filed a claim for workers' compensation related to her injury

---

[1] Some material facts are also obscured. Has Richter been terminated? Is she pursuing a *Skelly* hearing? What was the proceeding at which she testified in the Eastern District of California about? Did she testify truthfully? Did she ever assert her Fifth Amendment right not to testify? When? Was she subjected to criminal prosecution? This Order will explain why these facts are important.

suffered in Gilbert's training. *Id.* ¶ 34. Her claim was accepted, and the workers' compensation evaluation found that her injury caused 32 percent disability. *Id.* Richter claims that after defendants Ausmus, Mork, Millington, and Kirkpatrick became aware of her permanent work injury and her intent to apply for disability retirement benefits, they "began scrutinizing her in an apparent attempt to disallow her disability claim." *Id.* ¶ 35. She alleges a scheme by which defendants attempted to improperly have her terminated, and states that they admitted they would not consider any disciplinary measure against her other than termination. *Id.* ¶ 37.

Initially, Richter was referred for an internal investigation for allegedly missing property, while her coworker was not investigated. *Id.* ¶ 36. On June 14, 2018, she was subpoenaed and compelled to testify in federal court in Sacramento. *Id.* ¶ 45. She was on medical leave at the time she testified. *Id.* On August 24, 2018, defendants placed her on administrative leave. *Id.* ¶ 44. On September 12, 2018, she was referred to the FBI for criminal prosecution, allegedly related to her testimony in federal court. *Id.* ¶¶ 44-45. The FBI declined defendants' referral on January 24, 2019. *Id.* ¶ 45.

On July 22, 2019, Ausmus, Mork, Millington, and Kirkpatrick "presented formal charges" against Richter for perjury related to her testimony in Sacramento and for an unidentified offense of "reverse money laundering." *Id.* ¶¶ 48, 56, 64. These charges were based upon an internal investigation by Ausmus and ratified by Mork, Millington, and Kirkpatrick. *Id.* ¶¶ 48, 91. Ausmus "proclaim[ed] herself to be an expert in money laundering" and relied upon two journal articles, but did not provide any sworn testimony. *Id.* ¶ 85. Richter alleges that the internal investigation and subsequent formal charges was designed to terminate her and prevent her from receiving disability benefits. *Id.* ¶ 91. The defendants proceeded with their investigation despite knowing that they could not prove all elements of the charges. *Id.* ¶ 97. Richter also alleges that the defendants violated the statute of limitations set forth in California Government Code § 3304(d), *id.* ¶ 119, as well as internal OPD procedure. *Id.* ¶ 122. Ausmus omitted key evidence and provided misleading evidence, failed to take statements from all relevant persons, did not provide Richter with a summary of the complaint prior to interviewing her, and deliberately excluded exculpatory evidence from her investigation despite multiple requests from Richter. *Id.*

¶¶ 124-126.

On December 18, 2019, Daniel Low, an administrative assistant from the City of Oakland, stated that the disability retirement board delayed making a determination on Richter's claim pending an outcome on her termination. *Id.* ¶ 40. It does not appear that she had been terminated from her employment as of the filing of the Amended Complaint, or that a disability retirement determination has been made. It is also unclear whether she had been afforded a Skelly hearing as of the filing of the Amended Complaint.

Richter brought this action on December 19, 2019. Dkt. No. 1. She amended her complaint on January 21, 2020. Dkt. No. 11. Fourteen of her causes of action are brought pursuant to 42 U.S.C. § 1983, two pursuant to 42 U.S.C. § 1986, one pursuant to 42 U.S.C. § 1985, three pursuant to California law, and one is for punitive damages. Defendants moved to dismiss on February 12, 2020. Dkt. Nos. 18, 22.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is

---

[2] Richter filed a motion to extend time to file her opposition, but then filed an opposition on February 26, 2020 before an order could be issued. Dkt. No. 20. Accordingly, her motion is DENIED AS MOOT.

4

1  not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.  1983 CLAIMS**

Richter makes a series of allegations based upon 42 U.S.C. § 1983, asserting violations of numerous constitutional rights. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Because Richter has alleged that defendants were acting as police officers employed by OPD, she has adequately pleaded the second prong of her Section 1983 claims. *See Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) ("State employment is generally sufficient to render the defendant a state actor"). Regarding the first prong, her various causes of action assert that defendants violated her rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. I address each in turn.

**A.  Due process claims**

Richter's eleventh, twelfth, and thirteenth causes of action assert substantive and procedural due process violations, claiming that defendants deprived her of employment and disability retirement and violated her liberty interest in being free from stigma. Compl. ¶¶ 223-250. A cause of action pursuant to Section 1983 for procedural or substantive due process violations may be stated under the Fifth or Fourteenth Amendments: the Fifth Amendment applies

5

to federal government actors, while the Fourteenth applies to state actors. *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Because Richter alleges that the conduct at issue was conducted by California and not federal officials, her claims based upon Fifth Amendment violations fail. *Bingue*, 512 F.3d at 1174.

To assert a substantive due process claim pursuant to the Fourteenth Amendment, Richter must demonstrate an arbitrary government deprivation of life, liberty, or property that is so egregious as to shock the conscience. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). A procedural due process claim pursuant to the Fourteenth Amendment requires "three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Richter has not identified the rights that the defendants violated that implicate substantive due process. Courts have found that is unclear "whether a substantive due process right in continued employment [] exists." *Moody v. Cty. of Santa Clara*, No. 5:15-CV-04378-EJD, 2019 WL 6311406, at *5 (N.D. Cal. Nov. 25, 2019). Similarly, it is unclear whether a plaintiff has a substantive due process right to disability benefits or freedom from stigma in this context. As discussed below, these allegations appear to be more appropriately brought as procedural due process violations. Further, even if Richter has identified a constitutionally-protected substantive due process right, she has not alleged that the defendants' conduct in violating this right was so egregious as to shock the conscience. *See id.* ("Precedent dealing with 'abusive executive action' has repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.") (citations omitted); *see also Bravo v. Beard*, No. C-12-06414 JSC, 2013 WL 5862749, at *3 (N.D. Cal. Oct. 30, 2013) ("When executive action is at issue, that is, a specific act of a governmental officer, only egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective.") (citation omitted). Accordingly, her substantive due process claims fail.

For the purposes of procedural due process, a person has a liberty interest in employment if

"the dismissal effectively precludes future work in the individual's chosen profession." *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099, 1102–03 (9th Cir. 2010) (citations omitted). "To establish a violation of such a liberty interest, Plaintiff must show that [her] dismissal destroyed [her] freedom to take advantage of other employment opportunities and that, because of the dismissal, it is virtually impossible for [her] to find new employment in [her] chosen field." *Id.* at 1103 (citations omitted). A police officer's termination or demotion at one department does not necessarily mean that it is virtually impossible to find new employment in that field. *Carter v. Cty. of Los Angeles*, 582 F. App'x 676, 677 (9th Cir. 2014); *Smith v. City of Quincy*, No. CV-09-328-RMP, 2011 WL 611699, at *8 (E.D. Wash. Feb. 11, 2011). Richter has only alleged that she has an interest in her current job, not that defendants destroyed her ability to find other employment or her career. This is not sufficient to plead a protected interest for the purposes of procedural due process.

Richter has also identified a potential liberty interest in the publication of "stigmatizing charges" brought against her. Compl. ¶ 235. "The termination of a public employee which includes publication of stigmatizing charges triggers due process protections." *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998). But in order "to take advantage of these protections, an employee must show that (1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment." *Id.* (citation omitted). Here, Richter has not identified any public disclosure of the charges against her; the fact that other OPD employees learned of the charge does not necessarily mean that the charges were public. In addition, her employment was apparently not terminated as of the filing of the Amended Complaint. Thus, she has not properly alleged a claim based upon this theory.

Richter contends that she need not have been formally terminated by OPD because punitive action includes discharge and suspension. Dkt. No. 22 at 12. She may allege a procedural due process violation based upon constructive discharge by pleading that "a reasonable person in [her] position would have felt that [she] was forced to quit because of intolerable and discriminatory working conditions." *Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir.

7

2000). But the Amended Complaint does not allege that she was constructively discharged or that a reasonable person would have felt she was forced to quit because of intolerable conditions.

Lastly, Richter states that defendants deprived her of disability retirement benefits. She has "a property interest in [her] disability retirement benefits and had a [procedural] due process right to a hearing regarding [her] entitlement to such benefits." *Ostlund v. Bobb*, 825 F.2d 1371, 1373 (9th Cir. 1987). She has adequately identified a protected interest in disability retirement. However, she has not alleged the remaining elements of a procedural due process claim.

To allege a claim based upon deprivation of her interest in disability retirement benefits (as well as any employment interests), she must also show that the government deprived her of that interest and that she failed to receive the process that was due. "It is well settled that the root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest," and that plaintiff be given some kind of notice and an opportunity to respond. *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 331-32 (9th Cir. 1995) (citations omitted). Richter has failed to allege that she was deprived of disability retirement benefits (or her employment) or that she failed to receive a pre-determination hearing. Instead, she alleges that no determination has yet been made because defendants delayed her termination pending the internal investigation. Compl. ¶¶ 34-41. She does not claim that this delay amounts to a due process violation and has offered no theory why this would amount to a violation as a matter of law. In addition, she failed to plead any facts regarding the process, notice, or opportunity to respond (or lack thereof) that she received from OPD. In order to plead any procedural due process violations, she must allege how defendants failed to provide her with adequate procedural protections, such as a pre-termination hearing, and that she was actually deprived of such her disability retirement benefits.

For these reasons, Richter's eleventh, twelfth, and thirteenth causes of action are dismissed WITHOUT prejudice.

**B.     Excessive Force**

Richter's first two causes of action plausibly allege that Gilbert promoted the use of excessive force in his defensive tactics trainings, and that Hubbard, Millington, and Kirkpatrick

8

knew of this violation but failed to take any action. Compl. ¶¶ 133-51. Defendants argue that her first two causes of action fail because they are barred by California workers' compensation law. Dkt. No. 18 at 12-13. I disagree. Defendants have not cited any case law to support their position, and the Ninth Circuit has suggested that Section 1983 claims are not barred by workers' compensation law. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1084 n.3 (9th Cir. 1998) (rejecting "contention that traditional state workers' compensation law precludes . . . § 1983 claim[s]").

But there are other defects in the first two causes of action. Richter asserts that the defendants violated her Fifth and Fourteenth Amendment rights. Compl. ¶¶ 139, 148. As discussed, the Fifth Amendment due process clause applies only to federal actors. In addition, Richter has not explained how the alleged use of excessive force in this case violates the Fourteenth Amendment due process clause. *Benge v. Sprueill*, No. CV F 10-0978 LJO SMS, 2010 WL 4237305, at *4 (E.D. Cal. Oct. 21, 2010). Excessive force claims are typically brought under the Fourth Amendment, which does not apply here because there was no search or seizure of Richter. *Id.* Similarly, the right to be free from excessive force under the Fourteenth Amendment has been recognized for certain groups, such as civilly committed individuals or students, but not more broadly. *Smith v. Oreol*, No. EDCV171135JFWKK, 2018 WL 8754909, at *3 (C.D. Cal. Mar. 20, 2018); *Robinson v. Cty. of Shasta*, 384 F. Supp. 3d 1137, 1148-49 (E.D. Cal. 2019). To the extent Richter alleges that defendants' use of excessive force was a violation of her due process rights, that claim fails for the reasons discussed above in Part I.A. Because she has failed to identify how the excessive force violated her due process rights, these causes of action fail.

She also asserts that defendants denied her Fourteenth Amendment right to equal protection. Compl. ¶ 148. "To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Richter failed to allege a violation of her equal protection rights because she has failed to allege, let alone plausibly, that she was discriminated against as a member of an identifiable class (for example, based upon her race or gender). To the extent that any of Richter's claims are based upon equal protection violations, they fail.

9

For these reasons, Richter's first and second causes of action are dismissed WITHOUT PREJUDICE.

### C. Fabrication of evidence, *Brady* violation, malicious prosecution, and making false public statements

Richter alleges that defendants fabricated evidence in their internal investigation, destroyed or concealed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), subjected her to malicious prosecution, and made false public statements in violation of her rights under the Fourteenth Amendment. Compl. ¶¶ 152-59, 170-81, 269-73. Each of these claims fails because Richter was not criminally charged or prosecuted.

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). To satisfy the element of "deprivation of liberty," Richter must allege that she was criminally charged or convicted. *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018). She has not alleged any facts that she was criminally charged or convicted as a result of the deliberate fabrication of evidence; instead, she alleges that the government declined to prosecute her. This claim fails.

A *Brady* violation concerns the right to a fair trial and is implicated in criminal cases. *Walker v. Cty. of Santa Clara*, No. C-04-02211RMW, 2007 WL 1201789, at *9 (N.D. Cal. Apr. 23, 2007). Richter was not prosecuted in this case and therefore could not suffer a violation of her *Brady* rights. Therefore, this claim also fails.[3]

To state a Section 1983 claim for malicious prosecution, "a plaintiff must show that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her] equal protection or another specific constitutional right." *Awabdy v. City*

---

[3] Richter argues that being subject to criminal prosecution is not an "element" of a fabrication of evidence or a *Brady* claim. Dkt. No. 22 at 10, 14. While it is true that being subject to criminal prosecution is not an element of these claims as courts use the term, it is a prerequisite to bringing such claims and can bar a plaintiff's claim. Although a plaintiff must adequately plead each element of every claim she brings, it is possible that her claims are still barred by other considerations.

*of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Richter cannot state a claim for malicious prosecution unless she was subject to criminal proceedings. *Cook v. City of California City*, No. 16-cv-00429-DADJLT, 2017 WL 1348951, at *6 (E.D. Cal. Apr. 12, 2017). Criminal proceedings were never instituted, so Richter cannot bring a cause of action for malicious prosecution. She has also failed to allege that any attempted prosecution was undertaken for the purpose of denying her equal protection or another specific constitutional right. Her claim for malicious prosecution thus fails.

Richter claims that defendants failed to keep their investigation confidential in violation of California Penal Code sections 832.7 and 832.8. Compl. ¶ 269. However, she does not allege, nor is it likely that she can allege, that this violation implicates a constitutionally-protected liberty or property interest. *See Goodfellow v. Ahren*, No. 13-04726 RS, 2014 WL 1248238, at *6 n.9 (N.D. Cal. Mar. 26, 2014) (noting that Section 1983 does not vindicate rights under § 832.7); *Mitchell v. City of Santa Rosa*, No. C 08-02698 SI, 2008 WL 4534050, at *5 (N.D. Cal. Oct. 7, 2008) (same). As defendants note, false public statements can be grounds for a Section 1983 claim when submitted in an arrest warrant in violation of the Fourth Amendment. Dkt. No. 18 at 24-25; *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). However, such facts are absent here, and Richter's allegations based on failure to keep an investigation confidential fail.

For each of her claims, Richter asserts that the proceeding against her was a "quasi-criminal proceeding" and thus on par with a criminal proceeding. Compl. ¶¶ 87- 96; Dkt. No. 22 at 10. 15. She cites *Choudhry v. Regents of the Univ. of California*, No. 16-CV-05281-RS, 2016 WL 6611067, at *3 (N.D. Cal. Nov. 9, 2016) and *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). *Id.* at 15. These cases discuss whether state proceedings are "quasi-criminal" for the purpose of evaluating whether to apply the *Younger* doctrine of abstention. This rationale does not apply here. For the purposes of pleading these constitutional violations under Section 1983, Richter must have been subject to criminal prosecution, which she was not.

Because Richter was not criminally prosecuted or charged, she cannot bring her third, fifth, tenth, and seventeenth causes of action as a matter of law. Accordingly, these claims are dismissed WITH PREJUDICE.

11

**D. Retaliation**

Richter asserts that defendants improperly retaliated against her for exercising her constitutional right to free speech, for exercising her Fifth Amendment right to remain silent, and for filing her workers' compensation claim. Compl. ¶¶ 193-208. These claims are also defective.

Section 1983 claims against a government official for First Amendment retaliation require that an employee demonstrate that: (1) he or she engaged in protected speech; (2) the official took adverse employment action; and (3) his or her speech was a substantial or motivating factor for the adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). With respect to the second factor of adverse employment action, courts have noted that "[t]he precise nature of the retaliation is not critical to the inquiry in First Amendment retaliation cases," and have found adverse actions to be those that chill the exercise of free speech. *Id.* at 974-75. Here, Richter alleges that she was subjected to a criminal investigation by the federal government and to an internal investigation by OPD. It is plausible that this type of adverse action is "reasonably likely to deter employees from engaging in protected activity." *Id.* at 976 (citation omitted). She has thus adequately alleged the first element of her First Amendment retaliation claim.

However, Richter has not alleged the remaining two factors set forth in *Coszalter*. Although she has properly alleged that she provided testimony in federal court that was unrelated to her police duties, she has not alleged any facts regarding her testimony. *Lane v. Franks*, 573 U.S. 228, 231 (2014). In order to state a claim, Richter must specifically allege that the testimony she provided was truthful.

Second, Richter has not adequately alleged that her speech was a substantial or motivating factor in defendants' investigation. She states that her "testimony was a substantial or motivating factor in the adverse action by these Defendants," Compl. ¶ 198, but that statement is a simple recitation of an element of the cause of action that is not adequate under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678 (complaint offering only "formulaic recitation of the elements of a cause of action will not do."). In order to properly state a claim, she must allege some additional facts to support her assertion that this testimony was a substantial or motivating factor in the adverse action.

12

Next, Richter asserts that defendant Ausmus retaliated against her "for her exercise of the Fifth Amendment Right to remain silent." Compl. ¶ 202. She has not alleged that she was charged with a crime, although she has alleged that she was subject to a criminal investigation. She has not stated any facts that suggest that she invoked her Fifth Amendment rights during the criminal investigation. *See Chavez v. Martinez*, 538 U.S. 760, 770 (2003) ("a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case."). Thus, her claim for retaliation based upon her Fifth Amendment right fails. *Talib v. Guerrero*, No. CV 15-3825-JAK (DFM), 2015 WL 7428511, at *8 (C.D. Cal. Nov. 20, 2015). In order to state a claim for retaliation based upon her Fifth Amendment right, she must allege that she invoked her Fifth Amendment right and that defendants retaliated against her because of her invocation of that right.

Lastly, Richter alleges that defendants retaliated against her for filing a workers' compensation claim. This claim for relief repeats her arguments that she was deprived of her due process rights, Compl. ¶¶ 204-08, but does not articulate any constitutional right that was violated. As defendants point out, she appears to make an argument pursuant to California Labor Code section 132a, which prohibits employers from retaliating against employees for filing for workers' compensation.[4] Dkt. No. 18 at 19-20. A violation of this state law does not appear to be protected by substantive or procedural due process. Accordingly, this claim is insufficient to state a claim pursuant to Section 1983.

Richter's seventh, eighth, and ninth causes of action are DISMISSED WITHOUT PREJUDICE.

**E. Supervisor liability**

Most of Richter's causes of action are brought against all defendants, even if they did not directly commit the offenses, on the theory that as supervisors each defendant acted in reckless disregard of her rights. *See* first, second, third, fifth, seventh, ninth, tenth, eleventh, twelfth,

---

[4] Defendants also argue that the Workers' Compensation Appeals Board has exclusive jurisdiction over Richter's claims. Dkt. No. 18 at 20. While this would bar Richter from bringing a claim under Section 132a, she has not done so here.

13

thirteenth, and seventeenth causes of action. In addition, she asserts two causes of action based on "supervisory violations" and "ratification of unconstitutional conduct." Compl. ¶¶ 251-261. To the extent she alleges that each defendant was directly responsible for these violations, she often fails to differentiate the defendants or explain what role each defendant had in the violation. This is not adequate to state a claim under Rule 12(b)(6).

As for supervisor liability under Section 1983, "[a]n official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists 'between the supervisor's wrongful conduct and the constitutional violation.'" *Felarca v. Birgeneau*, 891 F.3d 809, 819–20 (9th Cir. 2018). A causal connection can be satisfied where the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* at 820. Richter recites this language in her complaint, but does not substantiate her allegations with any facts. Compl. ¶¶ 255, 260. For example, she does not allege how each defendant would have known of the constitutional violations, the nature of the supervisory relationship between the supervising defendants and the defendants committing the violations directly, or the supervisors' involvement in or setting in motion of any policy that caused the deprivation of constitutional rights. Such allegations are not adequate. *Howard v. Contra Costa Cty.*, No. 13-CV-03626 NC, 2014 WL 824218, at *15 (N.D. Cal. Feb. 28, 2014). To state a claim against each defendant, she must provide facts that establish how each supervisor was liable for each constitutional violation pursuant to Section 1983.

Accordingly, Richter's fourteenth and fifteenth causes of action are DISMISSED WITHOUT PREJUDICE.

**II.     SECTION 1985 CLAIMS**

Richter asserts two causes of action pursuant to 42 U.S.C. § 1985 and one cause of action pursuant to 42 U.S.C. § 1986. Her fourth claim for relief alleges a conspiracy to deprive of disability retirement benefits. Compl. ¶¶ 162-169. Her sixth claim for relief alleges obstruction of justice and conspiracy related to defendants' creation of a false and misleading investigative

14

report. *Id.* ¶¶ 182-192. Her Section 1986 claim is based upon "failure to prevent" the violations of Section 1985. Compl. ¶¶ 262-267.

Richter does not identify the sub-section of Section 1985 that her claims are based upon. Section 1985(1) applies only to federal officers and does not apply in this case. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981). Section 1985(3) requires that plaintiff be deprived of her rights due to class-based animus. *Pennington Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000). Richter cannot assert a cause of action under this section for the same reasons that she cannot state a cause of action pursuant to the equal protection clause.

It appears most likely that Richter seeks relief pursuant to Section 1985(2). To state a claim under this sub-section, she must show "(1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Head v. Wilkie*, 936 F.3d 1007, 1010 (9th Cir. 2019). She alleges that defendants conspired to deprive her of her rights. *See*, e.g., Compl. ¶¶ 42, 184. However, she fails to provide any facts to substantiate the alleged conspiracy, such as when and how the agreement to deprive her of her rights took place, or any acts that defendants took in furtherance of the conspiracy. Conclusory allegations of conspiracy like those in the Amended Complaint fail to state a claim. *Webster v. Bronson*, 402 F. App'x 280, 282 (9th Cir. 2010); *Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2018 WL 3077750, at *12 (N.D. Cal. Mar. 12, 2018); *Scott v. Diesman*, No. CV 09-7215-GHK PLA, 2010 WL 1194228, at *9 (C.D. Cal. Mar. 23, 2010).

Richter has also not pleaded facts to show how defendants conspired to deprive her of her rights because of her testimony in federal court. Indeed, she has not identified any facts relating to the substance of her testimony or its relation to the defendants' later disciplinary actions against her. Accordingly, she has failed to state a cause of action under Section 1985 or 1986.

For these reasons, plaintiff's fourth, sixth, and sixteenth claims for relief are DISMISSED WITHOUT PREJUDICE.

## III. STATE LAW CLAIMS

Richter asserts three causes of action under California law: negligent infliction of emotional distress ("NIED"), battery, and negligence. Compl. ¶¶ 274-285. Defendants argue that these causes of action are barred by the worker's compensation exclusion of California Labor Code, Sections 3600 and 3601. Dkt. No. 18 at 25.

In general, California's workers' compensation system limits the lawsuits that an employee can bring against her employer or against fellow employees for injuries "arising out of and in the course of the employment," even if negligence is alleged. Cal. Lab. Code § 3600; *see also Torres v. Parkhouse Tire Serv., Inc.*, 30 P.3d 57, 60 (2001). Richter alleges that her injury arose during work-related defensive tactics instructions and examinations, and in fact filed a workers' compensation claim for that injury. There appears to be no real question that her claim "arises out of and in the course of the employment." Therefore, her claims are barred unless they fall within an "exception" to the workers' compensation statutes.

When bringing a cause of action against fellow employees and not one's employer, as Richter has done here, two exceptions to workers' compensation law may apply: (i) if the alleged injury was proximately caused by the intoxication of the other employee(s), or (ii) if the alleged injury was proximately caused by the "willful and unprovoked aggression" of the other employee(s). Cal. Lab. Code § 3601. Courts have interpreted the second exception as covering "unprovoked conduct intended to convey an actual, present, and apparent threat of bodily injury." *Torres*, 30 P.3d at 62.

Richter fails to allege her state law causes of action with the required specificity under Rule 8. Her eighteenth claim for relief does not identify conduct forms the basis of her NIED claim. Her nineteenth and twentieth claims are based on her physical injuries suffered in defensive tactics training. None of these causes of action alleges that the defendants intended Nunley's conduct to harm Richter; instead, she argues that defendants were reckless and failed to adequately train and supervise defendant Gilbert. Accordingly, her claims as pleaded are barred by

California workers' compensation law.[5]

Richter's eighteenth, nineteenth, and twentieth claims for relief are DISMISSED WITHOUT PREJUDICE.

## IV. PUNITIVE DAMAGES

Richter's last claim for relief is for punitive damages. Compl. ¶¶ 286-295. "A request for punitive damages is not a claim in its own right . . . but is instead a request for relief." *Grouse River Outfitters Ltd v. NetSuite, Inc.*, No. 16-CV-02954-LB, 2016 WL 5930273, at *10 (N.D. Cal. Oct. 12, 2016). If Richter files an amended complaint, she may include a request for punitive damages as part of her prayer for relief. But as a cause of action, it is DISMISSED WITH PREJUDICE.

## V. QUALIFIED IMMUNITY

Defendants request that I grant them qualified immunity, but provide no analysis of qualified immunity for the individual causes of action. Dkt. No. 18 at 1. In general, government officials enjoy qualified immunity from civil damages, including from Section 1983 claims, unless (i) the law governing the official was clearly established, and (ii) under that law, a reasonable state official could not have believed his conduct was lawful. *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001). Because I find that Richter has failed to plead each cause of action, I need not address qualified immunity at this time. If she amends her complaint, she must provide facts that would indicate that the defendants are not entitled to qualified immunity.

---

[5] Defendants argue that Richter's claims are further barred by California Government Code section 820.2, which provides immunity for actions within an official's discretion. Dkt. No. 18 at 25. However, they fail to explain how her claims are based upon discretionary action such that they are barred.

17

**CONCLUSION**

For the above reasons, defendants' motion to dismiss is GRANTED. Richter is granted leave to amend with respect to the first, second, fourth, sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, nineteenth, and twentieth causes of action within thirty days. She is encouraged to seek assistance from the Legal Help Center, as indicated in the beginning of this Order.

**IT IS SO ORDERED.**

Dated: March 24, 2020

William H. Orrick
United States District Judge