UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RICHTER,<br><br>  Plaintiff,<br><br>  v.<br><br>LISA AUSMUS, et al.,<br><br>  Defendants. | Case No. 19-cv-08300-WHO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiff Julia Richter filed a motion to alter or amend my March 24, 2020 order dismissing with prejudice her third, fifth, tenth, seventeenth, and twenty-first causes of action. Dkt. No. 31. Richter moves to reconsider the dismissal of her third cause of action.[1] Richter's motion is DENIED. Although Richter has not identified any arguments that are appropriate pursuant to Rule 59 or 60, I address her arguments below for clarity.

In my March 24 order, I dismissed Richter's third, fifth, tenth, and seventeenth causes of action with prejudice because Richter was not subject to criminal prosecution. *See* Dkt. No. 28 at 11. However, I noted that Richter could state a claim for other substantive or procedural due process violations. *Id.* at 8.

Richter first argues that dismissal of her fabrication of evidence claim should not be dismissed because she need not have been subject to criminal prosecution. This is incorrect. As discussed in my prior order, it is possible that Richter may state a claim for due process violations based upon deprivation of liberty or property interests, including interests in employment, and may argue that the defendants' conduct "shocked the conscience." However, she cannot assert a separate claim based upon fabrication of evidence, because she was not

---

[1] I treat Richter's motion, which was incorrectly filed as a motion for reconsideration, as a motion for leave to seek reconsideration. *See* Civil Local Rule 7-9.

subjected to criminal prosecution.  *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018).

Richter also claims that criminal referral is sufficient to state a claim for her causes of action that require criminal prosecution.  Again, the cases that she cites do not support her position.  There is a difference between a criminal referral and criminal charges.  Criminal charges result in a criminal proceeding (e.g., an indictment); a criminal referral does not always result in criminal proceedings, as in this case.  *Gonzalez v. City of Huntington Beach*, No. SACV180953DOCDFMX, 2018 WL 9537311, at *6 (C.D. Cal. Oct. 12, 2018) ("contrary to Defendants' contention, the deprivation of liberty includes criminally charging, prosecuting, or convicting—and this is sufficient in of itself."); *Garvais v. United States*, No. CV-03-0290-JLQ, 2010 WL 610282, at *1 (E.D. Wash. Feb. 17, 2010), *aff'd*, 421 F. App'x 769 (9th Cir. 2011) (in malicious prosecution suit under Washington law, tribal criminal proceedings were instituted).

Richter also contends that her Fifth Amendment right against self-incrimination may apply in "quasi-criminal" proceedings.  But in her complaint, Richter did not allege that this right has been violated, as she was not compelled to be a witness against herself.  In addition, I granted Richter leave to amend her claims for retaliation for exercise of her Fifth Amendment right.  Dkt. No. 28 at 12-13.

Finally, Richter argues that the defendants are estopped from arguing that she was not criminally prosecuted.  Whether Richter was in fact subject to criminal proceeding is a factual matter that is governed by the allegations in the complaint for the purposes of a motion to dismiss, not a defendant's arguments.  As discussed in the prior order, Richter's complaint did not allege that she was criminally prosecuted.

**IT IS SO ORDERED.**

Dated: May 19, 2020



William H. Orrick
United States District Judge