1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    JULIA RICHTER,                              Case No.  19-cv-08300-WHO

8                   Plaintiff,

9           v.                                   ORDER GRANTING DEFENDANTS'
                                                 MOTION TO DISMISS
10   LISA AUSMUS, et al.,
                                                 Re: Dkt. No. 39
11                  Defendants.

12          Defendants Lisa Ausmus, Damon Gilbert, Bryan Hubbard, Anne Kirkpatrick, Sekou

13   Millington, and Todd Mork ("defendants") move to dismiss plaintiff Julia Richter's Second

14   Amended Complaint ("SAC").  I previously granted defendants' motion to dismiss Richter's First

15   Amended Complaint and granted her leave to amend.  She has not cured many of the deficiencies

16   with her prior complaint and has asserted a number of new causes of action.  Defendants' motion

17   is GRANTED for failure to state a claim, except with respect to the fifth cause of action (against

18   which defendants provided no argument).  For reasons described below, I grant Richter leave to

19   amend her seventh and eighth causes of action.  Her first, second, third, fourth, and sixth, and

20   ninth through thirteenth causes of action are dismissed WITH PREJUDICE.

21                                       BACKGROUND

22          The facts of this case are discussed in detail in my prior Order.  Dkt. No. 28 ("Order").

23   Richter, a former employee for the Oakland Police Department ("OPD"), alleges two primary

24   sources of misconduct on the part of defendants.  First, she asserts that she was injured by

25   improper defensive tactics trainings conducted by defendant Gilbert.  *See* Dkt. No. 34 ("SAC") ¶

26   160.  Second, she asserts that she was subject to a wrongful investigation in order to prevent her

27   from obtaining disability retirement benefits, and which ultimately resulted in her termination.  *Id.*

28   ¶¶ 51-56, 146.  I granted defendants' motion to dismiss Richter's First Amended Complaint on

United States District Court
Northern District of California

March 24, 2020, and Richter filed the SAC on May 13, 2020.  Defendants moved to dismiss on May 27, 2020.  Dkt. No. 40 ("Mot.").  Richter filed an opposition on June 10, *see* Dkt. No. 41 ("Oppo."), and defendants filed a reply on June 17.  Dkt. No. 42 ("Reply").  I heard the matter on July 8.  Dkt. No. 45.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *Moore v. Kayport Package Express*, 885 F.2d

United States District Court
Northern District of California

2

531, 538 (9th Cir. 1989).

## DISCUSSION

## I.      STATE-CREATED DANGER

Richter's first claim for relief alleges a "violation of the Fourteenth Amendment substantive due process right to be free from state created danger caused by OPD custom of employing POST-unapproved techniques and POST-untrained instructors." SAC ¶¶ 155-173. This cause of action purportedly states a claim pursuant to the "state-created danger" or "danger creation" exception to the rule that members of the public have no constitutional right to sue state employees who fail to protect them against harm inflicted by third parties. *Pauluk v. Savage*, 836 F.3d 1117, 1123–24 (9th Cir. 2016). "The state-created danger exception creates the potential for § 1983 liability where a state actor 'creates or exposes an individual to a danger which he or she would not have otherwise faced.'" *Campbell v. State of Washington Dep't of Soc. & Health Servs.*, 671 F.3d 837, 845 (9th Cir. 2011) (citation omitted). State-created danger arises when the state affirmatively exposes the plaintiff to a "known or obvious danger" and does so with "deliberate indifference." *Id.* at 845–846. Deliberate indifference requires that the state actor actually intend to expose the plaintiff to such risks without regard to the consequences. *Id.* at 846.

Richter's cause of action based upon state-created danger fails because she does not adequately allege that the conduct at issue satisfies the requirement of "affirmative action" by the state. The alleged problems with the defensive tactics trainings do not amount to a known, obvious, and particularized danger. "[A] plaintiff must show that state action as opposed to inaction placed him in danger," and "[a] mere failure—or even refusal—to act in response to a known danger does not suffice." *Ogbechie v. Covarrubias*, No. 18-CV-00121-EJD, 2020 WL 3103789, at *5 (N.D. Cal. June 11, 2020). A claim for a state-created danger must be based on "more than merely a failure to create or maintain a safe work environment." *Pauluk*, 836 F.3d at 1124.

The state-created danger applies in situations where government actors ejected a drunk man from a bar on an extremely cold night, locked a man needing serious medical attention in a house and canceled his request for paramedics, and assigned a nurse to work alone with a known

United States District Court
Northern District of California

1    and violent sex-offender.  *Campbell*, 671 F.3d at 847 (collecting cases).  In these instances,

2    affirmative conduct placed the injured party in a worse position than if the state had not acted at

3    all.  The injury suffered was both obvious and particularized (e.g., the party could freeze, die from

4    medical complications, or be sexually assaulted).

5        The *Pauluk* case upon which Richter relies is particularly instructive.  There, a state

6    employee requested not to be transferred to a particular location due to his concerns about mold,

7    but was transferred involuntarily.  *Pauluk*, 836 F.3d at 1119.  Several other employees had

8    suffered harmful health effects from mold exposure and defendants actively tried to conceal the

9    danger posed by the mold.  *Id.*  After the employee was transferred to the dangerous location, he

10   suffered from toxic mold exposure.  *Id.*

11       These cases all involve contexts that differ from the facts alleged here.  First, the alleged

12   defensive tactics trainings are not affirmative conduct on behalf of OPD that created an "actual,

13   particularized danger [Richter] would not otherwise have faced."  *Kennedy v. City of Ridgefield*,

14   439 F.3d 1055, 1063 (9th Cir. 2006).  Richter does not contend that the trainings were inherently

15   dangerous.  Thus, any OPD requirement that Richter participate in the trainings themselves cannot

16   be "affirmative conduct."  Instead, Richter asserts that the trainings led by defendant Gilbert were

17   unsafe because he taught techniques that were not POST certified.  *See*, e.g., SAC ¶ 157.  But she

18   fails to identify any affirmative action taken by OPD or the individual defendants regarding

19   Gilbert's choice of trainings.  Richter also does not allege that she (or other officers) raised issues

20   with the trainings or requested exemption from these trainings but were forced to attend.

21       For similar reasons, Gilbert's trainings did not present a particularized and obvious danger.

22   Although Richter alleges serious injuries suffered during trainings, she largely bases her argument

23   regarding the dangerous nature of the trainings on failure to comply with POST regulations.  This

24   does not suffice to show that the training classes as conducted by Gilbert would obviously injure

25   participants in a particular way.  Instead, Richter's allegations effectively state that OPD failed to

26   maintain a safe work environment.  *See Campbell*, 671 F.3d at 845 (rejecting argument that failure

27   to provide adequate plan for caring for developmentally disabled individual created an affirmative

28   danger).  Thus, Richter cannot allege that she was in a "worse position than that in which [she]

United States District Court
Northern District of California

4

1  would have been in had [the state] not acted at all." *Pauluk*, 836 F.3d at 1124.

2      Because Richter cannot state a claim under the state-created danger exception, her first

3  cause of action is DISMISSED WITH PREJUDICE.

4  **II.   EXCESSIVE FORCE**

5      Richter's second cause of action alleges a Section 1983 claim based on excessive force.

6  SAC ¶¶ 174-187.  Richter states that this cause of action is based upon the Fourteenth Amendment

7  substantive due process clause.  In my prior Order, I noted that to the extent Richer alleges that the

8  defendants' use of excessive force violated her due process rights, she had failed to state a claim

9  because she did not allege that "the defendants' conduct in violating this right was so egregious as

10  to shock the conscience."  Order at 6, 9.  She has not provided any additional facts to change this

11  conclusion.

12      Richter's excessive force claim is based upon defendants' alleged failure to use POST-

13  approved techniques and to properly train officers.  *See*, e.g., SAC ¶¶ 175-177, 179.[1]  This conduct

14  does not satisfy the standard for a substantive due process claim, which applies to "only the most

15  egregious official conduct."  *Moody v. Cty. of Santa Clara*, No. 5:15-CV-04378-EJD, 2019 WL

16  6311406, at *5 (N.D. Cal. Nov. 25, 2019).  As one case that Richter cites points out, even if failure

17  to properly supervise defensive tactics instruction is "worthy of rebuke, [it] does not shock the

18  conscience."  *Hallstein v. City of Hermosa Beach*, 87 F. App'x 17, 18 (9th Cir. 2003).  Since

19  Richter has failed to allege any facts in either her first or second complaints that would give rise to

20  a cause of action for excessive force, this claim fails.

21      Richter also asserts a separate "failure to train" claim against defendants.  SAC ¶ 183.

22  However, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a

23  municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure

24  under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L.

25  Ed. 2d 412 (1989); *see also Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) ("Under *Harris* and

26

27  _____

28  [1] I note that some of Richter's "excessive force" allegations mirror her "failure to train" allegations.  SAC ¶ 183.  For the reasons discussed above, these allegations do not state a cause of action.

United States District Court
Northern District of California

progeny, one must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim.").  Richter attempts to plead this element by stating that "Oakland officials had a long-standing practice (over two years) to employ POST-untrained instructors and allowing the use of dangerous POST-unapproved techniques," but asserts that this refers only to the decision to employ Gilbert.  SAC ¶¶ 25, 185 (stating that all instructors received POST certification under previous lead instructor).  Because there is no deliberate or conscious choice by OPD regarding the allegedly defective training, Richter does not adequately state a claim for failure to train.

      Accordingly, Richter's second cause of action is DISMISSED WITH PREJUDICE.

## III.    FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHT TO BE ONLY TRIED BY SOVEREIGN WHOSE CRIMINAL LAWS ARE ALLEGEDLY VIOLATED AND RATIFICATION OF SAID VIOLATIONS

      Richter alleges that she "has a Fourteenth Amendment substantive due process right to be punished for the alleged crime only by the sovereign power whose laws she allegedly transgressed."  SAC ¶ 85.  As discussed at length in my prior orders, Richter was not criminally charged with a crime.  Richter's third claim for relief is DISMISSED WITH PREJUDICE.

## IV.    DELIBERATE FABRICATION OF EVIDENCE

      Richter's fourth claim for relief asserts a violation of her substantive due process to be free from fabricated evidence and the right to a fair trial.  SAC ¶ 195; Oppo. 6-7.  I have previously held that Richter's claims for deliberate fabrication of evidence are barred because she was not subject to criminal charges.  Assuming that Richter brings such a claim based on a substantive due process violation,[2] she again must allege conduct that "shocks the conscience."  *See*, e.g., *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010).  To do so, she must "at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [plaintiff] despite the fact that they

---

[2] Although *Costanich* involved a civil child abuse proceeding, the court noted that "deliberately falsifying information during civil investigations which result in the deprivation of protected liberty or property interests may subject them to § 1983 liability."  *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010).  It does not appear that the FBI investigation in this case, in which no charges were filed, is analogous to this situation.

United States District Court
Northern District of California

1    knew or should have known that he was innocent; or (2) Defendants used investigative techniques

2    that were so coercive and abusive that they knew or should have known that those techniques

3    would yield false information." *Id.* (citation omitted).

4         Richter alleges that defendant Ausmus deliberately fabricated evidence in an investigative

5    report that accused her of money laundering "based on a speculation that in 2011 [Richter]

6    refunded $4000 that she received for tutoring," and a bank law violation that Richter illegally

7    deposited $4000 in her safety deposit box.  SAC ¶ 57.  She alleges that defendant Joshi fabricated

8    evidence by including statements that "Judge Mendez stated that Officer Richter falsified

9    testimony regarding teaching her sister," and that she assisted her brother-in-law in wrongfully

10   obtaining child tax credits. *Id.* ¶ 89.  While Richter asserts in a conclusory manner that these

11   charges are false, she fails to allege any facts that Ausmus and Joshi "knew or should have

12   known" that she was innocent of these charges, or that she was in fact innocent of these charges.

13   Instead, Richter devotes much of her complaint to OPD's failure to treat the charges as though

14   they were brought against her in a criminal proceeding.  For example, she challenges the lack of

15   evidentiary support for such charges, *id.* ¶¶ 97-98, the failure to address all of the elements of

16   perjury and money laundering, *id.* ¶¶ 98, 105, and the staleness of the charges.  *Id.* ¶ 113.  These

17   allegations do not provide a reasonable basis to support Richter's allegations that Ausmus and

18   Joshi knew, or even that they should have known, that the evidence in the report was false or that

19   Richter was innocent.

20        Similarly, Richter's allegations do not adequately plead that the defendants used

21   "investigative techniques that were so coercive and abusive that they knew or should have known

22   that those techniques would yield false information."  Instead of providing any allegations with

23   regard to coercive or abusive techniques by the defendants, she appears to argue that the

24   defendants did not properly afford her certain due process protections or provide adequate

25   evidence.  As I have explained in my last two orders, she was not subject to criminal charges and

26   thus cannot assert violations of certain constitutional rights.  Similarly, she was not involved in a

27   civil proceeding that would implicate evidentiary and procedural requirements.  She appears to

28   challenge the procedural aspects of OPD's investigation, but she has not pleaded that her

United States District Court
Northern District of California

7

constitutional procedural due process rights were violated in this respect.  In fact, she alleges that she received a *Skelly* hearing, which undercuts an argument that her procedural due process rights were violated.  *See* SAC ¶¶ 77, 227, 256; *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 331-32 (9th Cir. 1995) (citations omitted) ("It is well settled that the root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest," and that plaintiff be given some kind of notice and an opportunity to respond).

As with Richter's prior claim, this conduct fails to rise to the level of "shocks the conscience" that would support a substantive due process claim based upon fabrication of evidence.  This cause of action is DISMISSED WITH PREJUDICE.

## V.   RIGHT TO DISABILITY RETIREMENT

Defendants did not present any argument in their motion to dismiss or reply that plaintiff's fifth cause of action should be dismissed.  Accordingly, I will not dismiss this cause of action.

## VI.   RETALIATION

Richter's sixth cause of action re-asserts her claim for retaliation for exercise of her First amendment right.  As I noted, "Section 1983 claims against a government official for First Amendment retaliation require that an employee demonstrate that: (1) he or she engaged in protected speech; (2) the official took adverse employment action; and (3) his or her speech was a substantial or motivating factor for the adverse employment action.  Order at 12 (*citing Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003)).  I noted that Richter adequately stated an adverse employment action.  *Id.*  However, I found that she had not alleged that the testimony she provided was truthful, or that it was a substantial or motivating factor in defendants' investigation. *Id.*

Richter alleges that her lawsuit furnishes one basis for her retaliation.  *See* SAC ¶ 214. This argument is unpersuasive, because the conduct underpinning Richter's lawsuit took place before she filed the lawsuit.  Richter also asserts that she engaged in protected speech by testifying in the Eastern District of California in 2018.  *Id.* ¶ 216.  Defendants argue that this speech was not a matter of public concern and therefore not protected.  Mot. 7-8.  "[S]peech involves a matter of

public concern when it can fairly be considered to relate to any matter of political, social, or other concern to the community." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1069 (9th Cir. 2012) (citation omitted). This extends to speech in a judicial proceeding. *Id.* In such cases, speech implicates public concern if it "exposes government wrongdoing or helps the public evaluate the performance of public agencies," or if "it contributes in some way to the resolution of a judicial or administrative proceeding in which discrimination or other significant government misconduct is at issue." *Id.* (citations omitted).

Richter's testimony in the Eastern District of California concerned whether she "was paid $4000 by the criminal defendant to teach English," whether she "did or did not refund said $4000 in 2011," and also concerned her sister. SAC ¶¶ 57, 89, 216. These matters are plainly not matters of public concern. For this reason, Richter cannot demonstrate that she was engaged in speech protected by the First Amendment and her retaliation claim fails.

Accordingly, Richter's sixth cause of action is DISMISSED WITH PREJUDICE.

## VII.    EQUAL PROTECTION

Richter's seventh claim for relief alleges that defendants violated her due process right to equal protection based on her disability. SAC ¶¶ 225-232. I previously dismissed Richter's equal protection claims because she did not allege that she was discriminated against as a member of an identifiable class. Order at 9.

Richter's allegations with respect to this cause of action again fail to state a claim for a constitutional equal protection violation. She states that defendants "treated Plaintiff differently from other citizens OPD investigated on suspicion of criminal activity." SAC ¶ 227. She next repeats her allegations with respect to fabrication of evidence and concludes that she "was denied equal protection when Defendants based investigation on fabricated evidence, allegations outside of jurisdiction, barred by statute of limitations and totally devoid of evidentiary support." *Id.* ¶¶ 227-230. Further, she asserts that defendants terminated her "to deprive her of disability benefits . . . and in retaliation of her exercise of the First Amendment. . ." *Id.* ¶ 229. These allegations do not support an inference that Richter was discriminated against based upon her disability. Richter asserts that she was disabled and that she was subjected to unfair treatment, but she cites no facts

9

1   to substantiate her contention that her treatment was due to her disability.  To assert this cause of

2   action, she must provide facts (and not conclusory allegations) supporting a coherent theory of

3   discrimination as a result of her disability.

4          With respect to Richter's eighth and ninth claims for relief pursuant to 42 U.S.C. § 1985,

5   as I stated in my prior Order, Richter must allege that she was deprived of her rights because of

6   class-based animus.  Order at 15.  Because Richter fails to state a deprivation of rights due to

7   class-based animus, this cause of action fails as well.

8          Richter's seventh and eighth causes of action are DISMISSED WITHOUT PREJUDICE.

9   The ninth is DISMISSED WITH PREJUDICE.

## VIII.   STATE-LAW BASED CLAIMS

11         Richter's tenth claim for relief alleges a violation of her due process rights based upon

12  California Government Code § 3304, the Public Safety Officers Procedural Bill of Rights

13  ("POBOR"), because she was terminated more than one year after the termination of her

14  investigation.  SAC ¶¶ 251-252.  Richter's twelfth claim for relief states a violation of POBOR

15  itself and largely mirrors her tenth claim for relief.  *Id.* ¶¶ 268-275.  Richter alleges that Ausmus

16  and Joshi informed her that the statute of limitations was tolled due to the criminal investigation

17  by the FBI.  *Id.* ¶ 253.  She asserts that she was improperly terminated based upon events that

18  occurred more than one year prior to termination.  *Id.* ¶ 255.

19         There are several potentially fatal problems with Richter's POBOR claims.  With respect

20  to her tenth cause of action, she has failed to identify a protectable interest for purposes of a

21  procedural due process claim.  *See Wong v. Quen*, No. C 97-0219 FMS, 1997 WL 338542, at *2

22  (N.D. Cal. June 17, 1997).  As with her prior procedural due process claim, she must allege how

23  her procedural due process rights were violated in light of the fact that she acknowledges that she

24  had a *Skelly* hearing.

25         With respect to her POBOR claim, defendants point out that Richter cannot bring a cause

26  of action pursuant to Section 3304 because individuals are not liable for violations of POBOR.

27  Mot. 14.  The plain language of the statute and at least one case supports defendants' position.  *See*

28  California Government Code § 3309.5(e) ("An individual shall not be liable for any act for which

10

a public safety department is liable under this section."); *Eaton v. Siemens*, No. CIV S-07-315 FCDKJM, 2008 WL 4347735, at *1 (E.D. Cal. Sept. 22, 2008).  Richter does not provide any substantive argument in opposition.

In addition, Richter's cause of action is undermined by her own allegations that the statute of limitations was tolled based on her criminal investigation.  SAC ¶ 270.  Section 3304 of the Government Code states that "no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct."  Cal. Gov't Code § 3304(d)(1).  Although Richter asserts that officers did not provide her with "proof" of their position on tolling, the statute clearly provides that "[i]f the act, omission, or other allegation of misconduct is also the subject of a criminal investigation or criminal prosecution, the time during which the criminal investigation or criminal prosecution is pending shall toll the one-year time period."  *Id.* § 3304(d)(2).  And Richter's allegation that the investigation was based on stale information is not persuasive because an investigation need only be concluded one year after the conduct was *discovered*, not one year after it occurred.  *Hauschild v. City of Richmond*, No. C 15-01556 WHA, 2016 WL 3456620, at *3 (N.D. Cal. June 24, 2016) (office knew of earlier events around the time they occurred).

Because she cannot bring the tenth and twelfth claims for relief against individuals, these are DISMISSED WITH PREJUDICE.

Richter also asserts a claim pursuant to California Labor Code § 132a, asserting that she was terminated in retaliation for filing a workers' compensation claim.  SAC ¶ 265.  Again, defendants argue that "[u]nder the plain language of the statute, claims may only be stated against the employer."  Mot. 13.  Richter responds that "§132a is inapplicable since retaliation claims are governed by California Labor Code §1102.5," and defendants presented no cases that held "individuals could never be liable for retaliation."  Oppo. 12.  But Richter cites Section 132a in the SAC, and has presented no argument that she may bring a cause of action pursuant to this statute against the individual defendants.  Section 132a plainly prohibits discrimination on the part of

1    "employers."  Cal. Lab. Code § 132a.  And as defendants point out, Section 1102.5 involves

2    whistleblowers and does not apply in this case.  Reply 7.  Richter's eleventh cause of action is

3    DISMISSED WITH PREJUDICE.

4         Finally, Richter's thirteenth claim for relief asserts a cause of action for negligent and

5    intentional infliction of emotion distress.  SAC ¶¶ 276-300.  This cause of action is based upon

6    Richter's claims of fabricated evidence, violation of her right to a fair trial, and her termination.

7    *Id.*  Defendants contend that this cause of action is barred by California Government Code §

8    820.2.  Mot. 14-15.  "Under § 820.2, a public employee cannot be held liable for any injury

9    resulting from his act or omission where the act or omission was the result of the exercise of

10   discretion vested in him, whether or not such discretion be abused."  *Wallis v. Spencer*, 202 F.3d

11   1126, 1144 (9th Cir. 2000) (citation omitted).  As discussed above, Richter has inadequately

12   pleaded that the defendants knowingly fabricated evidence, or that her right to a fair trial was

13   violated.  Further, her claims arise solely from discretionary acts to investigate and terminate her.

14   Accordingly, this claim is DISMISSED WITH PREJUDICE.

15   **IX.    MOTION TO STRIKE**

16        Richer seeks to strike defendants' defenses raised in their motion to dismiss pursuant to

17   Rule 12(f).  Oppo. 2.  But Rule 12(f) attacks pleadings, such as an answer to a complaint.  Richter

18   cannot challenge defendants' motion to dismiss on this basis.  Richter also argues that many of

19   defendants' arguments are waived because they were not raised in their first motion to dismiss.  *Id.*

20   Richter filed a new complaint, and defendants are permitted to raise new arguments in response to

21   the new complaint.

**CONCLUSION**

For the above reasons, defendants' motion is GRANTED.  Richter may proceed on the fifth cause of action.  She is granted leave to amend her seventh and eighth causes of action against defendants within the next 30 days if she so chooses.

**IT IS SO ORDERED.**

Dated: July 21, 2020

William H. Orrick
United States District Judge

United States District Court
Northern District of California

13