UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RICHTER,<br><br>Plaintiff,<br><br>v.<br><br>LISA AUSMUS, et al.,<br><br>Defendants. | Case No. 19-cv-08300-WHO<br><br>**ORDER TO STAY THE ACTION, DENY IN PART THE MOTION FOR LEAVE TO AMEND, AND DENY THE MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 79, 95, 101, 105, 109 |

Defendants Katano Kasaine, Steven Falk, the City of Oakland, Lisa Ausmus, Todd Mork, Sekou Millington, Anne Kirkpatrick, Nishant Joshi, Darren Allison, Falk, and Gregory Stanfield (collectively, "Defendants") move to dismiss plaintiff Julia Richter's Fourth Amended Complaint ("FAC"). Richter opposes and moves for leave to file a Fifth Amended Complaint as well as for sanctions against Stanfield and his counsel. Richter has appealed the cancellation of her industrial disability retirement application and her hearing before the Office of Administrative Hearings is set for August 30, 2021 ("Hearing"). For the reasons explained below, I *sua sponte* STAY this case pending the final determination of the Hearing. Defendants' motions to dismiss are STAYED. Richter's motion for leave to amend is DENIED, except for Richter's request to amend her equal protection claim, which is STAYED. Richter's motion for sanctions is DENIED.

## BACKGROUND

### I. FACTUAL BACKGROUND

The facts of this case are discussed in detail in my prior Order. *See* Dkt. No. 28. Richter, a former employee of the Oakland Police Department ("OPD"), alleges two primary sources of misconduct on the part of the Defendants. First, she alleges that she was injured on May 14, 2018 by the Oakland Police Department ("OPD") and the City of Oakland (the "City") due to its

indifference and violation of safety rules.  Dkt. No. 76 ("Fourth Amended Complaint" or "FAC")
¶¶ 30, 38.  Second, she asserts that she was subject to a wrongful investigation in order to prevent
her from obtaining disability retirement benefits, which ultimately resulted in her termination.  *Id.*
¶ 32.  At the time Richter initially filed this action, she had not yet been terminated and her
disability benefits application was still pending.  Then on or about April 20, 2020, Richter
received a letter from defendant Falk, the City Administrator for Oakland, notifying her that she
had been terminated as of March 28, 2020.  *Id.* ¶ 40.  A few weeks later, in May 2020, she
received a letter from defendant Keith Riddle, the Chief for the Disability and Survivor Benefits
Division at CalPERS, notifying her that her application for disability retirement benefits could not
be accepted because she had been terminated for cause.  Dkt. No. 76-7 ("FAC, Ex. 8").  Richter
appealed the denial of her disability retirement benefits and her hearing before the Office of
Administrative Hearings ("OAH") is set for August 30, 2021 ("Hearing").  Dkt. No. 105 at 4–5.

## II.    PROCEDURAL BACKGROUND

The procedural history is discussed in detail in my prior Order.  Dkt. No. 74.  Richter filed
her initial Complaint in this case on December 19, 2019.  *See* Dkt. No. 1.  In total Richter has filed
four amended complaints and now moves for leave to amend her complaint a fifth time.  *See* Dkt.
No. 79.  On February 16, 2021,  I granted Richter leave to file a revised complaint limited to
claims one, four, twenty-six, and claim three's disability discrimination theory of her proposed
Fourth Amended Complaint.[1]  Dkt. No. 74; *see* Dkt. No. 69 ("Proposed FAC").  In my prior
Order, I instructed Richter to limit her revised complaint to only the defendants named in these
four claims and ordered that all other defendants or proposed defendants were dismissed with
prejudice.[2]  *Id.* at 27.

---

[1] In her Proposed FAC, claim one asserted a due process violation resulting from the denial of her
application for disability benefits.  Proposed FAC at 5.  Claim three was a deprivation of equal
protection claim in violation of the Fourteenth Amendment.  *Id.* at 20.  Claim four alleged a §
1983 violation of the Fifth or Fourteenth Amendment Takings Clause resulting in the deprivation
of the constitutionally protected right to disability pension.  *Id.* at 22.  Claim twenty-six invoked
CAL. GOV. CODE § 1094.5 to set aside an unlawful administrative action.  *Id.* at 45.

[2] Richter alleged claim one of her Proposed FAC against Katano Kasaine, Steven Falk, Greg
Stanfield, Sophia Trinh, Teir Jenkins, Jessica Byrd-Salas, and Keith Riddle.  Proposed FAC at 5.
Claim three named Kasaine, Falk, Stanfield, Trinh, Jenkins, Byrd-Salas, Riddle, Lisa Ausmus,

United States District Court
Northern District of California

1    On March 3, 2021, Richter filed a Fourth Amended Complaint ("FAC") that complies with

2  my prior Order.  Dkt. No. 76.  On March 16, 2021, Richter filed a motion for leave to file a fifth

3  amended complaint and a proposed Fifth Amended Complaint ("Fifth AC") with 15 claims, only

4  one of which is a new claim.  Dkt. Nos. 79, 80.  Defendants Ausmus, Gilbert, Hubbard,

5  Kirkpatrick, Millington, and Mork oppose Richter's motion for leave to amend.  Dkt. No. 87.  On

6  April 14, 2021, Defendants Allison, Ausmus, Joshi, Kirkpatrick, Millington, and Mork also filed a

7  motion to dismiss Richter's FAC.  Dkt. No. 95.  On April 23, 2021, Defendants Falk, Kasaine, and

8  the City filed their motion to dismiss Richter's FAC.  Dkt. No. 101.  Defendant Stanfield also filed

9  a motion to dismiss Richter's FAC.  Dkt. No. 105.  Defendants Trinh, Jenkins, Byrd-Salas, and

10  Riddle have not responded to the FAC.  Richter did not serve Gilbert and Hubbard with the FAC

11  as they are not named in it.  *See* FAC; *see* Dkt. Nos. 83, 85, 86.  Richter opposes these motions to

12  dismiss and also moves for sanctions against Stanfield and his counsel.  *See* Dkt. Nos. 106, 107,

13  109.

14                                    **LEGAL STANDARD**

15  **I.    STAY**

16    A court may stay proceedings as part of its inherent power "to control the disposition of

17  the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

18  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that the court need not find that two

19  cases possess identical issues; substantially similar issues is sufficient to support a stay).  The

20  inherent power to stay includes ordering a stay "pending resolution of independent proceedings

21  which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.

22  1979).  In determining whether to stay a case, "the competing interests which will be affected . . .

23  must be weighed."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  These interests

24  include: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or

25

26  ───────────────

27  Todd Mork, Sekou Millington, Anne Kirkpatrick, Nishant Joshi, Darren Allison, Falk, and the
   City of Oakland.  *Id.* at 20.  Claim four named Kasaine, Falk, Stanfield, Trinh, Jenkins,
   Byrd-Salas, Riddle, and the City of Oakland.  *Id.* at 22.  Claim twenty-six named Damon Gilbert
28  and the City of Oakland.  *Id.* at 45.

inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

## II.     MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

## I.     SUA SPONTE STAY OF CASE

For the first time in this case, the parties have brought up the fact that Richter appealed California Public Employees' Retirement System's ("CalPERS") cancellation of her industrial

United States District Court
Northern District of California

1   disability retirement ("IDR") application.  Her hearing before the Office of Administrative

2   Hearings is set for August 30, 2021.  In light of this Hearing and because all of Richter's four

3   surviving claims depend on a denial of benefits, I *sua sponte* stay this case pending a final

4   determination from the OAH on CalPERS's denial of Richter's disability retirement benefits.

5         The Hearing and this case involve substantially similar issues—e.g., whether Richter is

6   entitled to disability retirement benefits.  The Hearing is only a month away and therefore the

7   damage and/or hardship from staying the case is minimal.  Importantly, because a majority of

8   Richter's claims depend on a final determination about whether she can receive disability benefits,

9   staying the case would simplify the issues and questions of law.[3]  Accordingly, I *sua sponte* stay

10  this case.  *See Flattum v. California Dep't of Consumer Affs.*, 2012 WL 2839836, at *1 (E.D. Cal.

11  July 9, 2012) (staying the district court case until the court receives notice that plaintiff's hearing

12  with the Office of Administrative Hearings has concluded).

## II.   DEFENDANTS' MOTIONS TO DISMISS

14        Defendants move to dismiss Richter's FAC, which alleges a procedural due process claim,

15  an equal protection claim, a takings clause claim, and an unlawful administrative action claim.

16  Richter's claims against individuals appear conclusory and speculative, except for the possibility

17  of claims against individuals in their official capacity.  But because all of the claims depend on a

18  final determination at the Hearing, I conclude that these claims should be STAYED pending the

19  decision from the Hearing.

### A.   First Cause of Action:  § 1983 Fourteenth Amendment Due Process Right to Industrial Disability Retirement

22        Under her first claim of relief, Richter alleges a procedural due process violation resulting

23  from the denial of her application for disability benefits.  FAC ¶¶ 37–68.  "A procedural due

24  process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or

25  property interest, and (2) denial of adequate procedural protections."  *Fed. Home Loan Mortg. Corp.*,

---

[3] If for any reason Richter decides not to participate in the Hearing, as she threatened she might during oral argument on the pending motions, I will take all reasonable inferences from her voluntary abandonment of that process when deciding the pending motions.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   893 F.3d 1136 (9th Cir. 2018).

2       Defendants Falk, Kasaine, and the City move to dismiss Richter's first claim because

3   Richter failed to appeal the denial of her benefits and therefore is precluded from challenging her

4   dismissal in this case, where her dismissal was unrelated to her physical condition.  Dkt. No. 101

5   at 3.  But the case on which Falk, Kasaine, and the City rely may be distinguishable.  In *Smith v.*

6   *City of Napa,* 120 Cal.App.4th 194, 198 (2004), the court concluded that the plaintiff's dismissal

7   for cause extinguished his right to a disability retirement because the plaintiff had filed his

8   application for a disability retirement on the effective date of his dismissal and under *Haywood* "a

9   dismissal for good cause unrelated to a medical disability disqualifies an employee for a disability

10  retirement." *Id.* at 204.  The court, however, emphasized the "oft-repeated qualification" in

11  *Haywood*:  the ruling "does not apply to a dismissal that 'preempts' an otherwise valid claim for

12  disability retirement" and the exception "does not refer only to a dismissal *intended* to thwart a

13  claim for disability retirement, because a dismissal for cause cannot defeat an employee's *matured*

14  right to a disability retirement antedating the event providing cause for the dismissal." *Id.* at 198

15  (emphasis in original).

16      As I explained in my prior Order, Richter's allegations support a plausible inference that

17  she had a vested right in her disability benefits.  Dkt. No. 74 at 6–7.

18          "[Richter] alleged a near two-year delay between the initial filing of
        her application for disability  benefits and the ultimate denial.  *See*
19          *e.g.* FAC ¶ 164.  She alleged that defendant Kasaine misled her
        regarding why her application was delayed in order to convince her
20          to sign two time-waiver forms, an allegation that suggests some deceit
        by defendants.  *Id.* ¶¶ 50–51.  She also alleged that her attorney
21          received a tip from an Oakland employee, informing her that "the City
        wants to terminate Julia so that the City of Oakland would not have
22          to pay her disability retirement." *Id.* ¶ 163.  These allegations support
        an inference that the City of Oakland took wrongful and preemptive
23          steps to terminate Richter to avoid paying her disability benefits, and
        may be able to rebut the presumption that Richter's benefits did not
24          vest."

25  *Id.*  Consequently, these allegations may be sufficient to support a claim of inadequate process

26  against Defendants.  *Id.* at 7.

27      At the time of my prior order, I was unaware of Richter's appeal.  Because Richter's

28

      6

1    Hearing is not until August 30, 2021, she has failed to establish that she was denied due process to

2    any vested property rights.  *See* Dkt. No. 105 at 8.  If the Hearing occurs and has sufficient

3    elements of due process, then it would seem that Richter will have been afforded adequate

4    process.  Furthermore, if the outcome of the Hearing is that Richter is entitled to disability

5    retirement benefits then she will not be able to allege that she was deprived of a constitutionally

6    protected liberty or property interest.  At the moment, it is unclear whether Richter has a plausible

7    procedural due process claim.

8         **B.    Second Cause of Action:  Deprivation of Equal Protection in Violation of the**
          **Fourteenth Amendment**
9

10       Richter also alleges an equal protection claim—that she was discriminated against because

11   of her disability.  FAC ¶¶ 69–115.  Richter's FAC fails to allege any facts about being treated

12   differently because of her disability even though Richter had factual allegations in prior versions

13   of her complaint.  Regardless, Richter adds these facts back in to her Fifth AC.  *See* Dkt. No. 80.

14   The first question then is whether to grant Richter leave to add these facts back into her equal

15   protection claim.  In her Fifth AC, Richter alleges Ausmus, Mork, Millington, Kirkpatrick, Joshi,

16   Allison, and Falk, as the City's investigative unit, treated Richter differently from other citizens

17   OPD investigated on suspicion of criminal activity.  Dkt. No. 80 ¶ 76.  After Ausmus, Mork,

18   Millington, Kirkpatrick and the City "became aware of [her] permanent work injury and her intent

19   to apply for disability retirement, they began scrutinizing her in an apparent attempt to disallow

20   her disability claim."  *Id.* ¶ 111.  For example, one defendant—who Richter only identifies as

21   "Doe"—referred Richter "for an internal investigation for allegedly missing property, while her

22   non-disabled coworker was not investigated."  *Id.*  Richter also alleges that in March 2019, her

23   attorney "received a tip from an Oakland city employee . . . that the City wants to terminate Julia

24   so that the City of Oakland would not have to pay her disability retirement."  *Id.* ¶ 112.

25       These factual allegations seem conclusory and speculative against the named Defendants.

26   Although Richter alleges that Ausmus, Mork, Millington, Kirkpatrick, Joshi, Allison, and Falk

27   were all part of the City's investigative unit, Richter does not specify who referred her for internal

28   investigation and not her co-officer.  Dkt. No. 80 ¶ 76.  In fact, she does not allege that Stanfield

7

or Kasaine were a part of this internal investigation at all.  Notwithstanding the pleading issues, because it is unclear what effect the OAH Hearing will have on Richter's equal protection claim, I will defer the question of whether to grant Richter leave to add these missing facts to her equal protection claim.

The second question is whether to grant Defendants Falk, Kasaine, the City, Ausmus, Mork, Millington, Allison, Joshi, Kirkpatrick, and Stanfield's motions to dismiss Richter's equal protection claim.  *See* Dkt. No. 95 at 2–3; Dkt. No. 101 at 3–4; Dkt. No. 105 at 8–9.  Defendants assert that Richter fails to allege any facts in her FAC that she was discriminated against because of her disability or that she was treated differently because of her disability.  *See* Dkt. No. 95 at 2–3; Dkt. No. 105 at 8–9.  Defendants are correct that the factual allegations are missing from the FAC.  Further, the factual allegations in the proposed Fifth AC seem conclusory and speculative.  But again, because of the pending OAH Hearing, I will STAY Defendants' motions to dismiss Richter's equal protection claim.

### C.   Third Cause of Action:  § 1983 Unlawful Taking of Disability Pension in Violation of Fifth and Fourteenth Amendments

Richter alleges a property interest in her pension benefits and asserts that defendants Falk, Kasaine, the City, and Stanfield violated the Fifth Amendment Takings Clause because she was denied disability retirement benefits.  FAC ¶¶ 116–24.  The Takings Clause states, "Nor shall private property be taken for public use, without just compensation."  U.S. Const. Amend. V.  The purpose of the takings clause is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."  *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

Defendants Falk, Kasaine, the City, and Stanfield assert that because Richter's "rights to a disability retirement have not vested because her application could not be processed, Richter does not have a claim under the Takings Clause."  Dkt. No. 101 at 4–5; Dkt. No. 105 at 9.  Defendants point to *Quintana v. Board of Administration*, 54 Cal.App. 3d 1018, 1022 (1976), that found "in one sense that [the] right [to pension payments] is not 'vested' until the disability is established in the appropriate administrative proceedings."  To the contrary, I explained in my prior Order that,

United States District Court
Northern District of California

"Richter has at least a plausible argument under *Smith* and *Haywood* . . . that her rights to disability benefits vested prior to her termination. She has also alleged a taking of her property – the withholding of her disability benefits. Richter has therefore alleged both a property interest and a taking of that property." Dkt. No. 74 at 12. But because the final determination regarding her disability benefits has not yet occurred, I cannot conclude that Richter has a plausible claim at this time against the named Defendants.

### D.   Fourth Cause of Action: Cal. Gov. Code § 1094.5

Richter's fourth cause of action appears to invoke Cal. Gov. Code § 1094.5 to exhaust judicial remedies when challenging a California administrative decision. FAC ¶¶ 125–27. Defendants Falk, Kasaine, and the City oppose and contend that section 1094.5 only applies to state courts. Dkt. No. 101 at 6. This is incorrect. In my prior Order, I referenced *Doe v. Regents of the University of California*, 891 F.3d 1147, 1154–55 (9th Cir. 2018), where the Ninth Circuit noted that the statute does not explicitly require that the petition be filed in state court and held that a plaintiff can file a petition in either the state or federal court to exhaust judicial remedies when challenging a California administrative decision. I allowed Richter to assert this same claim to the extent it is challenging the administrative actions relevant to Richter's other remaining claims. Dkt. No. 74 at 27. But again, because the final administrative action has not yet occurred, there is no decision for Richter to challenge.

### E.   Stanfield's Motion to Dismiss

Stanfield also asserts two separate grounds for dismissal. First, Stanfield argues that Richter's claims are barred under the *Younger* abstention doctrine because Richter has a hearing on August 30, 2021 ("Related Action") before the Office of Administrative Hearings to appeal CalPERS's cancellation of her IDR application. Dkt. No. 105 at 4–5. The "*Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims." *Wiener v. Cty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). To decide whether there is a pending state judicial proceeding, "the critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings

were underway before initiation of the federal proceedings.'" *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). "[T]he date for determining whether Younger applies is the date the federal action is filed." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). In this case, abstention is not warranted in part because this case was initiated before the state administrative proceeding. Dkt. No. 107 at 2 n.2. Although it is unclear when exactly Richter filed the appeal before the OAH, because Richter filed this action on December 19, 2019, before even receiving the denial of her IDR benefits in May 2020, the *Younger* abstention doctrine does not apply.[4] *See* Dkt. No. 1; *cf.* FAC, Ex. 8.

Second, Stanfield argues that Richter does not have standing to pursue claims against Stanfield because she has not pleaded that Stanfield caused any alleged damage in this case. Dkt. No. 105 at 6. Because Richter's alleged injury depends on the OAH's final determination of her disability benefits, Stanfield's motion to dismiss based on standing is also STAYED.

## III.    RICHTER'S MOTION FOR LEAVE TO AMEND

Richter moves for leave to file a Fifth Amended Complaint with 15 claims. Dkt. No. 79. In my prior Order I instructed that no further amendments would be permitted. Dkt. No. 74 at 27. In the Fifth AC, Richter alleges claims against defendants Damon Gilbert and Bryan Hubbard who Richter had omitted from her FAC that I had previously ordered dismissed without prejudice. *See* Dkt. No. 80 ¶¶ 20–21; 184–219. Richter also did not serve Gilbert and Hubbard with the FAC. She cannot amend the FAC to add Gilbert and Hubbard as defendants.

Because four of the 15 claims in the Fifth AC are the same ones in the FAC, Richter's motion for leave to amend these first four causes of actions is DENIED, except for the request to amend her equal protection claim, which is STAYED as explained above. *See supra* Part II.B;

---

[4] Richter also argues that this case does not fall into one of the three categories for which the *Younger* abstention doctrine applies: (1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecution and (3) state civil proceeding that implicate a state interest in enforcing the orders and judgments of its courts." Dkt. No. 107 at 2 (citing *ReadyLink*, 754 F.3d at 759). Stanfield opposes and asserts that this case falls under the third category because the "administration of statewide public employees' retirement systems is a valid and significant state interest. Dkt. No. 105 at 4 (citing *California Cty. Superintendents of Sch. Educ. Ass'n v. Marzion*, No. 08-CV-04806-CW, 2009 WL 513742, at *4 (N.D. Cal. Mar. 2, 2009)). Because I conclude that the *Younger* doctrine does not apply under the first factor, I will not address this argument.

United States District Court
Northern District of California

1   Dkt. No. 80 ¶¶ 40–128.  Richter adds one new claim, claim eight, under CAL. GOV. CODE § 815.2

2   for breach of contract and/or implied covenant of good faith and fair dealing.  *See* Dkt. No. 80 ¶

3   144–47.  Richter asserts that she was an intended third-party beneficiary of the City-CalPERS

4   contract and was therefore entitled to a timely award of disability retirement.  *Id.*  Because I

5   ordered that no further amendments would be permitted, Richter's motion for leave to add claim

6   eight is DENIED.  *See* Dkt. No. 74 at 1.  The rest of Richter's claims are the same ones that I have

7   dismissed with prejudice in prior orders.[5]  *See* Dkt. Nos. 47, 74.  Richter's motion for leave to

8   amend the rest of her claims is also DENIED.

9   **IV.    RICHTER'S MOTION FOR SANCTIONS**

10          Richter also moves for monetary and/or terminating sanctions against defendant Stanfield

11  and his counsel Arthur J. Harris from the law firm Murphy, Pearson, Bradley & Feeney.  *See* Dkt.

12  No. 109.  A court may impose sanctions under its inherent power based on a finding of "bad faith

13  or conduct tantamount to bad faith."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

14  "Sanctions are available for a variety of types of willful actions, including recklessness when

15  combined with an additional factor such as frivolousness, harassment, or an improper purpose."

16  *Id.*  Richter alleges that Stanfield and his counsel acted in bad faith by "raising frivolous

17  arguments" about the *Younger* doctrine and "misstating laws and facts" about Richter's failure to

18  timely serve Stanfield.  *Id.* at 1.  Stanfield opposes and contends that he accurately explained the

19  ineffective manner in which Richter attempted to serve the FAC and that he is entitled to raise

20  arguments under *Younger* or any other legal authority.  Dkt. No. 111 at 1–2.

21          I agree.  Stanfield put forth legitimate arguments under various legal authority and his

22  motion to dismiss Richter's FAC was not made in bad faith.  Accordingly, Richter's motion for

23

24  [5] The rest of Richter's claims, which I have dismissed with prejudice in my prior orders are the
    following:  Claim 5 – Federal Promissory Estoppel; Claim 6 – CA Promissory Estoppel; Claim 7 –

25  Violation of Mandatory Duty under CAL. GOV. CODE §§ 815.6 and 815.2; Claim 9 - § 1983
    Deprivation of Right to Public Employment and Violation of CAL. GOV. CODE § 3304(d)(1);

26  Claim 10 – Violation of Peace Officers Bill of Rights under CAL. GOV. CODE § 3304(d)(1);  Claim
    11 – § 1983 Deprivation of Right to Public Employment and Stigma Plus in Violation of the

27  Fourteenth Amendment Due Process; Claim 12 – Breach of Fiduciary Duty; Claim 13 –§ 1983
    Fourteenth Amendment Due Process Right to be Free from State Created Danger; Claim 14 – §

28  1983 Deprivation of Rights to Bodily Integrity in Violation of the 14th Amendment Due Process;
    and Claim 15 – § 1983 Conspiracy to Deprive Employment Benefits.

United States District Court
Northern District of California

1  sanctions is DENIED.

2                                      **CONCLUSION**

3           For the reasons explained above, I *sua sponte* STAY this case pending the final

4  determination from the August 30, 2021 hearing before the Office of Administrative Hearings.

5  Defendants' motions to dismiss are STAYED.  Richter's motion for leave to amend her Fourth

6  Amended Complaint is DENIED, except for the request to amend her equal protection claim

7  which is STAYED.  Richter's motion for sanctions is DENIED.

8           After the OAH issues a decision, only the City shall file a supplemental motion to dismiss

9  within 20 days of the Hearing decision.  It should describe with specificity the issues addressed at

10  the Hearing, and its outcome, attaching pertinent documents in an admissible form.  It should

11  address the relevance of those facts to the FAC.  Richter may file an opposition brief within 14

12  days of the City's supplemental motion to dismiss and the City may file a reply brief within 7 days

13  of Richter's opposition.  If the facts interplay with Richter's remaining claims in a way that

14  warrants dismissal of the case, I will convert the motions into one for summary judgment.

15           **IT IS SO ORDERED.**

16  Dated:  July 22, 2021

17

18  _____

19  William H. Orrick
   United States District Judge

20

21

22

23

24

25

26

27

28