UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RICHTER,<br><br>    Plaintiff,<br><br>    v.<br><br>LISA AUSMUS, et al.,<br><br>    Defendants. | Case No. 19-cv-08300-WHO<br><br>**ORDER DENYING MOTION TO REASSIGN THE CASE TO ANOTHER JUDGE UNDER 28 U.S.C. § 455 AND/OR 28 U.S.C. § 144**<br><br>Re: Dkt. No. 138 |

## BACKGROUND

Plaintiff Julia Richter has filed a motion seeking my recusal or disqualification pursuant to both 28 U.S.C. § 455 and 28 U.S.C. § 144, on the basis that I have been supervising the federally appointed Monitor of the Oakland Police Department (*Allen et al. v. City of Oakland, et al.*, Case No. 00-4599) and I am, therefore, biased in favor of the City of Oakland defendants as shown by rulings in this case that Ms. Richter disagrees with. Dkt. No. 138. Ms. Richter's motion is DENIED.[1]

## LEGAL STANDARD

Motions to recuse under 28 U.S.C. § 144 are expressly conditioned "upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id.* at 868. "[A] determination of the sufficiency of the facts and reasons given in the sworn statement must be made by the judge to whom the

---

[1] The motion was noticed for hearing on August 18, 2022. The hearing is VACATED. *See* Civ. L. R. 7-1(b).

affidavit is presented." *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968) (citing *Berger v. United States*, 255 U.S. 22, 36 (1921)); *see also United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (rejecting argument that affidavit must be referred to another judge to determine legal sufficiency). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for determination of its merits." *Sibla*, 624 F.2d at 868. Thus, this Court's review "is addressed to the facial sufficiency of the affidavit[,] not to the truth or falsity of the facts stated therein." *Azhocar*, 581 F.2d at 738.

Under 28 U.S.C. § 455, a judge must be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id*. § 455(b)(1). Recusal under 28 U.S.C. § 455(a) is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," and where a "judge's partiality [is] shown to be based on information from extrajudicial sources," or if "partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible." *Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc*., 244 F.3d 1128, 1144–45 (9th Cir. 2001) (internal quotations and citations omitted).

The "[t]he same substantive standard" applies to motions under both 28 U.S.C. § 144 and 28 U.S.C. § 455. *Sibla*, 624 F.2d at 867.

**DISCUSSION**

Ms. Richter argues I am biased or there is an appearance of bias given my supervision of the federal Monitor and Compliance Director appointed to oversee aspects of the Oakland Police Department pursuant to a Negotiated Settlement Agreement ("NSA"). *See Allen et al. v. City of Oakland, et al*., Case No. 00-4599.[2] She identifies no facts or evidence, by affidavit or otherwise,

---

[2] The supervision of the Monitor/Compliance Director under the NSA was randomly assigned to me in August 2017, upon the Hon. Thelton E. Henderson's retirement from the bench. Case No.

connecting in any way my supervision of the OPD Monitor/Compliance Director on the NSA tasks to her claims in this case that center around: (i) injuries she suffered during training as an officer at the Oakland Police Department; (ii) alleged retaliation for her claims of disability benefits; and (iii) the City of Oakland's handling (or failure to appropriately handle) Ms. Richter's worker compensation and disability retirement claims.

The only bases for her claims that I have demonstrated bias and impartiality against her and in favor if the defendants are rulings I have made in this case that Ms. Richter disagrees with. Dkt. No. 138-1 at 2-4 (identifying a series of rulings in this case). She complains that in the identified rulings I have "condoned" defendants' lies and fabrication of evidence, ignored "binding law," allowed OPD to engage in "incompetent investigation of alleged Federal crimes," relieved defendants of their burden of proof, denied her protection from statutes of limitations, "misstated" her pleadings, and improperly dismissed some of her claims. *Id*.

Recusal under section 144 or disqualification under section 455 are not warranted based on pure speculation that somehow my supervision of the Monitor/Compliance Director's work to ensure Oakland complies with the tasks of the NSA has impacted her claims or shows bias based on my handling of her claims. *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993) (recusal or disqualification not warranted under 28 U.S.C. § 144 or § 455 based on speculation); *see also United States v. Kubon*, No. 18-cv-04788-PJH, 2019 WL 3387651, at *3 (N.D. Cal. July 10, 2019) ("And the fourth, defendants' 'conspiracy' assertion, amounts to rank speculation that lacks any factual support and thus is insufficient to support recusal or disqualification.").

Instead, Ms. Richter's assertions amount only to her disagreement with my prior rulings. It is well established that a "judge's prior adverse ruling is not sufficient cause for recusal." *Taylor v. Regents of Univ. of Cal*., 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (internal quotation marks omitted); *see also Joseph v. City of San Jose*, No. 19-CV-01294-LHK, 2020 WL 1031899, at *5 (N.D. Cal. Mar. 3, 2020) (disagreement with rulings provides no grounds for disqualification or recusal).

---

00-4599, Dkt. No. 1160.

## CONCLUSION

Ms. Richter alleges no basis for recusal under 28 U.S.C. § 144 or disqualification under 28 U.S.C. § 455.  Her motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 20, 2022



William H. Orrick
United States District Judge