UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RICHTER,<br><br>        Plaintiff,<br><br>   v.<br><br>LISA AUSMUS, *et al.*,<br><br>        Defendants. | Case No. 19-cv-08300-WHO<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT, DENYING MOTION TO ADD NEW CLAIMS, LIFTING STAY, AND SETTING TRIAL**<br><br>Re: Dkt. Nos. 178, 182 |

Following my April 6, 2023 Order, the only claims remaining in this case are:

> Richter's 42 U.S.C. section 1983 claims for denial of procedural due process and violation of the Takings Clause; both are based on the defendants' apparent delay in processing her industrial disability retirement ("IDR") application. As noted below, the only damages that appear to be at issue – based on Richter's often-amended pleadings – are interest from the last day she was on the City of Oakland's payroll (around March 28, 2020) through the date her IDR benefits were granted (in January 2023) and perhaps some limited other damages that plaintiff suffered as a result of the City's delay in processing her IDR application.

April 2023 Order [Dkt. No. 174] at 1. On that date, and given the few claims left at issue in the case, I stayed this action so that the parties could participate in a settlement conference with Magistrate Judge Thomas Hixson.

Despite the case being stayed, plaintiff Julia Richter filed two motions: (i) a Motion to Lift Stay and to Add a New Claim; and (ii) Motion to Alter or Amend a Judgment. Dkt. Nos. 178, 182. Ms. Richter has repeatedly attempted to expand the scope of this case, and I frequently allowed her to do so in order to test whether she could plausibly allege claims here, despite other proceedings where plaintiff was or could have been challenging her entitlement to disability benefits, her claims of wrongful termination, and so forth. *See* Dkt. No. 28 (March 2020 Order); Dkt. No. 47 (July 2020 Order); Dkt. No. 65 (November 2020 Order); Dkt. No. 74 (February 2021

1  Order). After addressing her numerous attempts to expand the claims and defendants in this case,
2  I instructed her that no further amendments to her pleadings would be allowed. February 2021
3  Order [Dkt. No. 74] at 27. In the April 2023 Order (following the granting of Industrial Disability
4  Retirement "IDR" benefits through the administrative process), Richter's claims were finally
5  limited to the ones identified in the first paragraph of this Order.

6  Plaintiff's motion to add a new claim is DENIED. Dkt. No. 178. The proposed new claim
7  concerns the City of Oakland's March 2023 denial of Richter's application for a "Retired Officer
8  Badge and a Carry Concealed Weapon (CCW)" endorsement. *Id*. Plaintiff has been repeatedly
9  told that she cannot raise new claims in this case. She must pursue other remedies for this alleged
10 wrong.[1]

11 Richter's motion to alter or amend a judgment is DENIED. Dkt. No. 182.[2] Richter
12 initially argues that I improperly applied standards for a motion to dismiss in rejecting her partial
13 motion for summary judgment "regarding IDR." Dkt. No. 1872 at 3-4. In the April 2023 Order I
14 addressed (and denied given the lack of undisputed facts) Richter's motion for partial summary
15 judgment that she was entitled to: (i) pre and post judgement interest award on her IDR award; (ii)
16 penalties; (iii) costs, including court costs; and (iv) a higher benefit award, given the City's
17 delayed action. Dkt. No. 164. In a *prior* Minute Order, I denied Richter's *prior* motion for partial
18 summary judgment "regarding IDR" without prejudice. *See* Dkt. No. 161 (denying motion without
19 prejudice to re-noticing the motion after CalPERS made a final decision about Richter's
20 entitlement to IDR benefits). Richter did not re-notice that motion following CalPERS granting of
21 her IDR benefits.

22 In my February 2021 Order, I limited Richter's equal protection claim to disability
23 discrimination. *See* February 2021 Order at 27. Richter contends that I should reconsider the

---

[1] For the same reason, Richter's request to "reinstate" her equal protection and due process claims based on the "newly discovered evidence" of Oakland's March 2023 denial of her request for a Retired Officer Badge and CCW is DENIED. *See* Dkt. No. 182 at 5-6.

[2] Richter's motion to alter or amend is more properly considered a motion for leave to file a motion for reconsideration. *See* Civ. L.R. 7-9. Despite plaintiff's failure to follow the proper procedure, I will address her arguments in full. The hearings on the motions are VACATED.

2

dismissal of her second claim for relief (denial of Equal Protection under 42 U.S.C. § 1983) because she based that claim not only on a theory of disability discrimination but also on a theory of discrimination based on "a class of one." Dkt. No. 182 at 4. Had the "class of one" theory been properly included in any of her many amended complaints (it was not), that theory would have failed as a matter of law. *See, e.g., Katzman v. Los Angeles Cnty. Metro. Transportation Auth.*, 72 F. Supp. 3d 1091, 1106–07 (N.D. Cal. 2014) ("When a public employee asserts that he or she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class (a so-called "class-of-one" theory of equal protection), that claim cannot be brought under the Equal Protection Clause of the U.S. Constitution. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594 [] (2008).").

Richter further argues that her claim for violation of California Civil Code section 1094.5 should be reinstated. In my April 2023 Order, I granted summary judgment on that claim in light of the Administrative Law Judge determination that Richter's IDR application should be processed by Oakland and CalPERS' subsequent determination that Richter was entitled to IDR benefits. Dkt. No. 174 at 15. Richter now argues that her section 1094.5 claim was intended to encompass not only Oakland's failure to process her IDR benefits application but also an attempt to challenge Oakland Police Department's investigation into her conduct and her eventual termination by OPD. *Id*. at 4-6. However, I expressly limited the section 1094.5 claim to "the extent it is challenging the administrative actions relevant to Richter's other remaining potentially viable claims." Dkt. No. 74 at 27. Those claims were (i) procedural due process regarding deprivation of disability pension; (ii) denial of equal protection claim, based on disability discrimination in order to avoid paying Richter's disability pension; and (iii) the unlawful taking of her disability pension. *Id*. Richter's section 1094.5 claim will not be resurrected to encompass claims that OPD conducted an unfair or illegal investigation into her alleged misconduct and improperly terminated her.

The settlement conference with Judge Hixson on May 18, 2023, was unsuccessful. Dkt. No. 186. Therefore, the stay of this case is LIFTED. The parties shall proceed with discovery, ***limited*** to the claims left at issue in this case as identified in the April 2023 Order. The Case

Schedule and Trial Dates are as follows:

| | |
|---|---|
| Fact Discovery Cut-Off: | August 19, 2023 |
| Expert Disclosure/Reports: | August 19, 2023 |
| Rebuttal Reports: | September 15, 2023 |
| Close Expert Discovery: | September 29, 2023 |
| Last Day for Hearing Summary Judgment Motion: | October 11, 2023 |
| Pretrial Conference: | November 27, 2023, at 2:00 p.m. |
| Trial: | December 11, 2023, at 8:30 a.m. |

**IT IS SO ORDERED.**

Dated: May 19, 2023

William H. Orrick
United States District Judge